IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 5 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01904-BNB

FRANK ROBERTO MAESTAS,

    Applicant,

v.

SHERIFF GRAYSON ROBINSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Frank Roberto Maestas, is a prisoner in the custody of Arapahoe County Sheriff and is currently incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Maestas initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Maestas is challenging the validity of his conviction and sentence in Case No. 08CR920, in the Arapahoe County District Court. Mr. Maestas filed an Amended Application on August 18, 2009.

In an order filed on September 22, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both

of those defenses. On October 13, 2009, Respondent Attorney General of the State of Colorado, John W. Suthers, filed a Pre-Answer Response that addressed both timeliness under 28 U.S.C. § 2244(d) and exhaustion under 28 U.S.C. § 2254(b)(1)(A) (hereinafter "Suthers Pre-Answer Resp."). Also on October 13, 2009, Respondent Sheriff Grayson Robinson filed a Pre-Answer Response and addressed both timeliness under 28 U.S.C. § 2244(d) and exhaustion under 28 U.S.C. § 2254(b)(1)(A) (hereinafter "Robinson Pre-Answer Resp."). Mr. Maestas has failed to file a reply within the time allowed.

The Court must construe liberally the Amended Application filed by Mr. Maestas because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Amended Application and the action.

On June 25, 2008, Mr. Maestas pleaded guilty to attempted sexual assault on a child and unlawful sexual contact. Suthers Pre-Answer Resp. at 1. On September 5, 2008, Mr. Maestas was found to be a sexually violent predator and was sentenced to two to five years of sex offender intensive probation and one year of jail. *Id.* at 2. Mr. Maestas did not file a direct appeal. *Id.*

On February 24, 2009, a complaint was filed against Mr. Maestas to revoke his probation. *Id.* During the revocation proceedings, counsel for Mr. Maestas attempted to set aside the state court's finding that Mr. Maestas was a sexually violent predator.

*Id.* On June 25, 2009, the court concluded that there was a factual basis for the sexually violent predator finding. *Id.* As of October 5, 2009, the complaint remains pending before the state court. *Id.*

On September 11, 2009, Mr. Maestas filed a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c). *Id.* As of October 5, 2009, the motion remains pending before the state court. *Id.* at 3.

Mr. Maestas then filed the instant Application, which was received by the Court on August 4, 2009. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Maestas asserts three claims for relief as follows:

> (1) His trial counsel failed to comply with his discovery requests and thereby provided Mr. Maestas with ineffective assistance of counsel;
>
> (2) Because Mr. Maestas did not receive any discovery, he was unable to proceed with trial, in violation of his right to due process and equal protection;
>
> (3) The prosecution abused its discretion by filing charges after a witness denied the events at issue.

Amended Application at 5-6. Respondents contend that all claims are unexhausted. Suthers Pre-Answer Resp. at 5-6; Robinson Pre-Answer Resp. at 2-3. Respondents argue that, assuming these claims are currently at issue in his pending postconviction proceeding, Mr. Maestas has failed to invoke one complete round of Colorado's established review process. *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See* **Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); *see also* **Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See* **Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See* **Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Maestas acknowledges that he has not exhausted his claims by fairly presenting them to the highest state court. Amended Application at 5. The Court, therefore, finds that Mr. Maestas has failed to exhaust his state court remedies, and the Application should be denied without prejudice. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 25 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01904-BNB

Frank Roberto Maestas
Prisoner No. 09-2734
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

Breena N. Meng
Assistant County Attorney
**DELIVERED ELECTRONICALLY**

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/25/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk